**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RALPHAEL OKORO,

    Petitioner,                                  Case No. 05-CV-70921-DT

v.

H. J. MARBERRY,

    Respondent,
_____/

**ORDER DENYING PETITIONER'S "MOTION TO CONSIDER DENIAL [OF] PETITIONER'S SEC 2241 PETITION" AND DENYING PETITIONER'S "MOTION TO SUPPLEMENT PETITIONER'S MOTION TO RECONSIDER DENIAL OF HIS SEC 2241 PETITION"**

On March 30, 2005, the court issued an order denying Petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. Petitioner has now filed a motion for reconsideration and a motion to supplement that motion. For the reasons stated below, the court will deny both motions.

Rule 7.1(g) of the Local Rules of the United States District Court for the Eastern District of Michigan allows a party to file a motion for reconsideration. E.D. Mich. LR 7.1(g). Rule 7.1(g)(3) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled" and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997) (citing Webster's New World Dictionary 974 (3d ed. 1988)). A motion for reconsideration which presents the same

issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).  Under the local rules, "[a] motion for reconsideration must be filed within 10 days after entry of the judgment or order."  E.D. Mich. LR 7.1(g)(1).

In the present case, the arguments raised by Petitioner in his motion for reconsideration were already raised, either explicitly or by reasonable implication, in Petitioner's application for writ of habeas corpus and his attached exhibits.  Petitioner is merely presenting issues which were already ruled upon by the court, either expressly or by reasonable implication, when the court dismissed his petition for writ of habeas corpus.  *See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).  Accordingly,

IT IS ORDERED that Petitioner's "Motion To Consider Denial [of] Petitioner's Sec 2241 Petition" [Dkt. # 8] and "Motion to Supplement Petitioner's Motion To Reconsider Denial of His Sec 2241 Petition" [Dkt. # 9] are DENIED.

     s/Robert H. Cleland
     ROBERT H. CLELAND
     UNITED STATES DISTRICT JUDGE

Dated: April 22, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 22, 2005, by electronic and/or ordinary mail.

     s/Lisa G. Teets
     Case Manager and Deputy Clerk
     (313) 234-5522