UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPHAEL OKORO,

    Petitioner,                              Case No. 05-CV-70921-DT

v.

H. J. MARBERRY,

    Respondent,
_____/

**ORDER DENYING PETITIONER'S "MOTION PURSUANT TO FED. R. EVID. 406 BASED ON NEWLY DISCOVERED EVIDENCE OF RESPONDENT'S HABIT OF VIOLATING PETITIONER'S FIRST AMENDMENT CONSTITUTIONAL RIGHT OF ACCESS TO COURT," DENYING AS MOOT PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABILITY, AND DENYING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS***

    On March 30, 2005, the court issued an opinion and order denying Petitioner's application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. On April 22, 2005, the court denied Petitioner's motion for reconsideration and motion to supplement his motion for reconsideration. Petitioner has now filed a motion pursuant to Fed. R. Evid. 406 concerning newly discovered evidence that the mail room staff at the Federal Correctional Institution in Milan, Michigan where Petitioner is incarcerated are denying him access to the courts. For the reasons stated below, Petitioner's motion is denied. Petitioner has also filed a notice of appeal, which is construed as a request for a certificate of appealability.[1] For the reasons stated below, the court will deny petitioner's

---

[1] *See Luberda v. Trippett,* 211 F.3d 1004, 1006 (6th Cir. 2000).

request for a certificate of appealability as moot.  The court will also deny Petitioner's request for leave to appeal *in forma pauperis.*

The court will deny Petitioner's motion involving the alleged violation by prison staff of his access to the courts, because Petitioner is not challenging the fact or duration of his incarceration, but is instead challenging the conditions of his confinement.  An inmate should bring a claim challenging the conditions of confinement as a civil rights action under 42 U.S.C. § 1983.  *Austin v. Bell,* 927 F. Supp. 1058, 1066 (M.D. Tenn. 1996).  Petitioner's claim that he is being denied access to the courts is a challenge to the conditions of confinement which cannot be maintained under § 2241.  *See Allen v. Lamanna,* 13 Fed. Appx. 308, 311 (6th Cir. 2001).  Although unpublished decisions in the Sixth Circuit are not binding precedent, *see Sheets v. Moore,* 97 F.3d 164, 167 (6th Cir. 1996) (unpublished opinions "carry no precedential weight [and] have no binding effect on anyone other than the parties to the action."); *Salamalekis v. Comm'r of Soc. Sec.,* 221 F.3d 828, 833 (6th Cir. 2000)(unpublished decisions are not binding precedent), their reasoning may be "instructive or helpful.  *See Harper v. AutoAlliance Intern., Inc.,* 392 F.3d 195, 205 (6th Cir. 2004)("Unpublished decisions of this Court are not binding authority, but nevertheless can be persuasive authority."); *Combs v. Int'l Ins. Co.,* 354 F.3d 568, 593 (6th Cir. 2004)(although *Willits* [*v. Peabody Coal Co.,* 188 F.3d 510, 1999 WL 701916 (6th Cir. September 1, 1999)] is an unpublished opinion, its reasoning is instructive."). [2]

---

[2] In addition, as one court has commented: "[T]he fact that West Group is now digesting and publishing, in its 'Federal Appendix' series, opinions not selected by the Court of Appeals for formal publication, certainly puts a new twist on just what constitutes an 'unpublished' opinion."  *See In Re Park,* 275 B.R. 253, 258, n. 9 (Bankr.

The court will also deny Petitioner's request for a certificate of appealability as being moot.  The provisons of 28 U.S.C. § 2253(c)(1) require that a certificate of appealability apply to final orders in habeas cases where detention arose out of process issued by state court and final orders under § 2255.  A certificate of appealability is therefore unnecessary to appeal the denial of habeas relief in cases properly brought under § 2241, where the inmate's detention is pursuant to federal process. *See Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004); *Hervey v. United States*, 105 F. Supp. 2d 731, 736 (E.D. Mich. 2000).  Accordingly, the court denies Petitioner's request for a certificate of appealability as being moot.

Petitioner has also requested leave to appeal *in forma pauperis.*

A court may grant *in forma pauperis* status if the court finds that an appeal is being taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).  A showing of good faith requires that the issues raised are not frivolous; it does not require a showing of probable success on the merits.  *Id.*  A habeas petitioner seeking to appeal the denial of a habeas petition will not be permitted to proceed *in forma pauperis*, where the appeal would be frivolous.  *See Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999). The court will deny Petitioner leave to appeal *in forma pauperis* because any appeal in this matter would be frivolous.  Accordingly,

---

E.D. Va. 2002).

IT IS ORDERED that Petitioner's "Motion Pursuant to Fed. R. Evid. 406 Based On Newly Discovered Evidence of Respondent's Habit of Violating Petitioner's First Amendment Constitutional Right of Access to Court" [Dkt. # 12] is DENIED.

IT IS FURTHER ORDERED that Petitioner's request for a certificate of appealability is DENIED as MOOT.

IT IS ALSO ORDERED that Petitioner's "Motion to Proceed On Appeal *In Forma Pauperis*" [Dkt. # 14] is DENIED.


    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 19, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 19, 2005, by electronic and/or ordinary mail.

    S/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522